# United States District Court
# Northern District of Indiana

EDWARD J. NIKSICH,

        Plaintiff,

v.

SERGEANT GODFREY *et al.*,

        Defendants.

Civil Action No. 3:13-CV-1029 JVB

## OPINION AND ORDER

Edward J. Niksich, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) The Court must review such a complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive this review, a complaint must state a claim that is plausible on its face. *See Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009) (discussing standard for dismissal under Federal Rule of Civil Procedure 12(b)(6)); *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006) (Rule 12(b)(6) and § 1915A dismissals reviewed by same standard). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Bissessur*, 581 F.3d at 602–03 (quotation marks and citation omitted). The court must bear in mind that a *pro se* complaint is entitled to liberal construction, "however inartfully pleaded." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citation omitted).

Here, Niksich claims he was denied adequate medical care at the Westville Control Unit ("WCU"). Specifically, he alleges that on November 26, 2012, he pushed his emergency call button and advised Officer C. Dempsy that he was very ill and vomiting profusely. The officer

told him he should lay down and rest, and to fill out a medical slip. Niksich responded that he did not have a medical slip and asked the officer to bring him one. The officer said he would do so, but he never brought the slip. A few hours later, Niksich pushed his call button again and advised Sergeant Godfrey (first name unknown) that he was vomiting blood. The sergeant told him he probably had the flu and to rest. Niksich responded that he did not think he had the flu, and that he had been vomiting profusely for approximately six hours. The sergeant told him he would notify medical staff but did not do so. Shortly thereafter, Niksich passed out. A while later, Sergeant Godfrey and Officer Dempsy served lunch trays to the inmates. Niksich claims he was lying unresponsive in his cell, but the officers did not check on him or call for help. Instead they simply left his lunch tray. They later came to retrieve the tray, and Niksich claims he was still passed out, but again the officers did not check on him or question why he was unresponsive. He further claims that Sergeant Godfrey later lied to medical staff and other prison personnel, falsely telling them that Niksich was on a hunger strike and was not accepting his food trays.

Over the course of the next three days, Niksich remained in his cell gravely ill. On November 29, 2012, two other officers found him lying unconscious, with blood on the floor, toilet and sink. They immediately summoned medical assistance. Shortly thereafter Niksich was taken to an outside hospital, and it was determined that he was experiencing liver failure and intestinal bleeding. Niksich remained comatose until December 5, 2012. Since then, he has had six operations and has suffered ongoing abdominal pain. He sues Officer Dempsy and Sergeant Godfrey, as well as Superintendent Mark Levenhagen., on the basis of these allegations.

The Eighth Amendment protects inmates from inadequate medical care, but only to the extent that the inadequacy results from "acts or omissions sufficiently harmful to evidence deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To establish liability, a prisoner must satisfy both an objective standard and a subjective one, by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is objectively "serious" if it is one that a physician has diagnosed as "mandating treatment or one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The Seventh Circuit Court of Appeals has expounded as follows on the subjective prong:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (citations and quotation marks omitted).

Here, Niksich alleges that although he was suffering from a serious illness and vomiting blood, two officers failed to assist him or notify medical staff. He claims he was allowed to lie in his cell for days in a gravely ill condition, and ultimately went into liver failure. He has satisfied the first prong of the inquiry. As to the second prong, the two officers are non-medical staff, and ordinarily they might be entitled to defer to the judgment of medical staff regarding Niksich's care. *See Hayes v. Snyder*, 546 F.3d 516, 526 (7th Cir. 2008). Here, however, Niksich alleges that the officers prevented him from obtaining the medical care that he needed, despite his requests for medical attention. He further alleges that one of the officers went so far as to lie to medical staff, claiming that Niksich was refusing his lunch trays, when in fact he was seriously

3

ill and in need of medical attention. Giving Niksich the inferences to which he is entitled, he has stated enough to proceed past the pleading stage against these two officers. *See id.* at 527 (suggesting non-medical prison officials can be chargeable with deliberate indifference when they have a reason to believe or actual knowledge that the prisoner is not receiving adequate medical treatment); *Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference").

However, there is nothing to indicate the superintendent had any personal involvement in the alleged events. He cannot be held liable simply because he oversees operations at the prison or supervises the two officers involved. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) (limiting § 1983 liability to government actors' "own misdeeds"); *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001) (no general *respondeat superior* liability under § 1983). Niksich appears to allege that prior to this incident, he wrote the superintendent letters complaining about "misconduct" by the two officers. However, as the Seventh Circuit has explained:

> Public officials do not have a free-floating obligation to put things to rights. . . . [The] view that everyone who knows about a prisoner's problem must pay damages implies that he could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right.

*Burks*, 555 F.3d at 595. In other words, simply receiving correspondence from Niksich does not make the superintendent liable for Eighth Amendment violations committed by other prison personnel. Furthermore, Niksich does not elaborate about the letters or the prior incidents with

4

these officers, and there is nothing from which it can be plausibly inferred that the superintendent was on notice the two officers would purposely neglect Niksich's medical needs. Accordingly, the superintendent will be dismissed as a defendant.

For these reasons, the Court:

(1) **GRANTS** Plaintiff leave to proceed against Sergeant Godfrey and Officer C. Dempsy in their individual capacities for monetary damages for deliberate indifference to his serious medical needs in violation of the Eighth Amendment;

(2) **DISMISSES** Mark Levenhagen as a Defendant;

(3) **DISMISSES** any and all other claims contained in the Complaint;

(4) **DIRECTS** the United States Marshals Service to effect service of process on Sergeant Godfrey and Officer C. Dempsy; and

(5) **ORDERS** that Sergeant Godfrey and Officer C. Dempsy respond, as provided for in the Federal Rules of Civil Procedure, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**SO ORDERED** on December 4, 2013.

                                             s/ Joseph S. Van Bokkelen
                                             JOSEPH S. VAN BOKKELEN
                                             UNITED STATES DISTRICT JUDGE